**William A. HARRIS, an individual, Plaintiff—Appellant,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant—Appellee.**

**No. 00–57120.**

**D.C. No. CV–99–1130–TJH.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2002 *.

Decided Feb. 11, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

William A. Harris appeals the district court's grant of summary judgment on his complaint alleging wrongful denial of his disability claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, though for a different reason than that given by the district court. We review the district court's grant of summary judgment de novo.[1] Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.[2] We may affirm on any ground supported by the record.[3]

To the extent UNUM's plan is ambiguous, it must be interpreted against the insurer.[4] Proof of claim under UNUM's policy requires a showing of the date of onset of the disability, the cause and seriousness of the disability, and the regular attendance of a physician for the disability. Nothing in the policy clearly requires, as part of the initial proof of claim, proof of regular attendance of a physician during the entire elimination period. Harris's submissions were sufficient to establish initial proof of claim. Accordingly, they triggered UNUM's duty to investigate. We affirm, however, because we conclude that UNUM fulfilled its duty.[5] UNUM thoroughly investigated Harris's claim and found insufficient evidence to grant it. UNUM's denial was reasonable as a matter of law.[6]

■ Harris's arguments that UNUM's investigation was inadequate fail. He asserts, among other things, that UNUM should have obtained records from the Social Security Administration and should have contacted Dr. Schwartz directly. UNUM did obtain the Social Security Administration records, which included the records of Dr. Schwartz. Dr. Schwartz's records clearly showed only one appointment during the period after Harris's release from the residential program. UNUM had no reason to doubt the completeness of Dr. Schwartz's records at the time of its investigation. Its failure to contact the physician was reasonable under the circumstances.

Harris contends that UNUM should have investigated his deposition testimony. However, "[i]n evaluating the evidence to see if there was any unreasonable conduct by the Company, it is essential that no hindsight test be applied."[7] Harris did not give his testimony until after this suit began. He failed on multiple occasions to respond to UNUM's requests for information during the investigation.

■ UNUM obtained records and conducted its own in-house medical review of

1. *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001).

2. *Id.*

3. *Guidroz–Brault v. Missouri Pac. R.R. Co.,* 254 F.3d 825, 829 (9th Cir.2001).

4. *Healy Tibbets Constr. Co. v. Employers' Surplus Lines Ins. Co.,* 72 Cal.App.3d 741, 749, 140 Cal.Rptr. 375 (1977).

5. *See Austero v. Nat'l Cas. Co.,* 84 Cal.App.3d 1, 35–36, 148 Cal.Rptr. 653 (1978), *overruled in part on other grounds by Egan v. Mut. of Omaha Ins. Co.,* 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141, 149 n. 7 (1979).

6. *Id.*

7. *Id.* at 32, 169 Cal.Rptr. 691, 620 P.2d 141.

plaintiff's claim. It repeatedly requested information from Mr. Harris when its investigation revealed insufficient evidence for granting his claim. Moreover, UNUM willingly considered Harris's claim despite the fact that he filed it significantly beyond the time required by the policy. Despite repeated requests, Harris failed to provide further information during the investigation. We conclude that UNUM's investigation and its denial of Harris's claim in light of that investigation were reasonable as a matter of law. Accordingly, we need not reach the other issues raised in this appeal.

For the foregoing reasons, we AFFIRM.

---

\* The Court previously granted petitioners' motion to submit this case on the briefs without oral argument.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.